FORM 1 (ND/SD MISS. JUL. 2011)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**D.H.**                                            **PLAINTIFF**

v.                            **CIVIL ACTION NO. 1:13cv466-HSO-RHW**

**Moss Point School District,** *et al.*            **DEFENDANTS**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     4

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**     10

    **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**     2-4

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

    The parties discussed resolution of this matter in March, 2013, but because defendants failed to respond to plaintiff's last communication regarding the matter, Plaintiff filed this action in December, 2013. During the parties F.R.C.P. 26(f) conference, counsel agreed they would be amenable to ADR.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JUL. 2011)

4. **DISCLOSURE.**

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26(a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A.  Interrogatories are limited to  25  succinct questions.

   B.  Requests for Production and Requests for Admissions are limited to

        30  succinct questions.

   C.  Depositions are limited to the parties, experts, and no more than

        10  fact witness depositions per party without additional approval of the Court.

**D.**  The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

To identify and preserve any potential ESI, counsel has alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation.

Defendants are not aware of any discoverable deleted ESI or and discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that privilege is not waived.

Plaintiffs are not aware of any discoverable deleted ESI or any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that privilege is not waived.

**E.**  The court imposes the following further discovery provisions or limitations:

☑ 1. Defendant may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

☑ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute a waiver of the medical privilege.

☑ 4. Other:

The written discovery is per party; however, the depositions are limited to ten per side, including parties, absent further court approval which shall be granted as deemed appropriate upon request.

Additional Provisions:

7. **SCHEDULING DEADLINES**

    A. **Trial.** This action is set for __NON-JURY TRIAL__ during a __three-week__ term of court beginning on: __August 3, 2015__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__. THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __4__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

    B. **Pretrial.** The pretrial conference is set on: __July 21-23, 2015__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__.

    C. **Discovery.** All discovery must be completed by: __January 15, 2015__.

    D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: __June 2, 2014__.

    E. **Experts.** The parties' experts must be designated by the following dates:

        1. Plaintiff(s):   __July 1, 2014__.

        2. Defendant(s):   __August 1, 2014__.

FORM 1 (ND/SD MISS. JUL. 2011)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: January 29, 2015    .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: March 11, 2015    , at 9:30    , a.m.    in Gulfport    , Mississippi, before United States Magistrate    Judge Robert H. Walker    .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) July 14, 2015    , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

April 24, 2014    
DATE

/s/ Robert H. Walker    
UNITED STATES MAGISTRATE JUDGE