IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**D.H., by and through her next friend and Parent, Robert Holmes**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 1:13CV466-HSO-RHW**

**MOSS POINT SCHOOL DISTRICT, et al.**     **DEFENDANTS**

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RULE 35 PSYCHIATRIC EXAMINATION

All Defendants submit this memorandum in support of their Motion to Compel D.H. to submit to a Rule 35 psychiatric examination.

1. In her Complaint, D.H. alleges claims of bullying and harassment "on account of her gender expression and sexual orientation in vilation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and the Equal Protection Clause of the Fourteenth Amendment." [1, ¶ 1]. D.H. has specifically put her psychiatric/psychological health at issue in the following ways:

- D.H.'s complaint contains allegations of suicidal thoughts: "The harassment was so severe that in February 2011, nearly two months after her earlier suicide attempt, D.H. had a breakdown in class where she expressed suicidal thoughts. A crisis intervention team was called to the school." [1, p. 11]).

- The Complaint contains multiple references to "injuries." [1, ¶¶ 66, 74].

- The Complaint contains several prayers for "damages." [1, ¶¶ 74, 76-77]. The complaint confirms the plaintiff seeks money for physical and/or psychological damages in addition to her prayer for injunctive relief.

2.      Federal Rule of Civil Procedure 35 provides a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitable licensed or certified examiner." F. R. Civ. P. 35(a)(1).

3.      The Defendants deny any liability for D.H.'s alleged mental and emotional anguish, therefore, her mental condition is in controversy, and the Defendants are entitled to an independent psychiatric examination of D.H. *Francois v. Colonial Freight Systems, Inc.*, 2006 U.S. Dist. LEXIS 89471 (S.D. Miss. December 11, 2006) ("the Plaintiff's physical and psychological conditions are clearly in controversy, as the Defendant disputes that [it] caused all of the injuries claimed by the Plaintiff and wishes to challenge his claims as to causation and damages").

4.      The Court has already ordered the relief now sought by the Defendants: "The Defendants may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff . . . by a physician who has not examined the plaintiff.  The examination must be completed in time to comply with expert designation deadlines." [Case Management Order, 20, p. 3].  Despite the existing Court order, counsel for D.H. have objected to the examination.  During the August 14, 2014, hearing regarding D.H.'s objection, the Court requested Defendants submit a Motion for Rule 35 Examination.

5.      Dr. John Thompson is a licensed psychiatrist and is the Director of Forensic Psychiatry at Tulane University.  Dr. Thompson will be designated by the Defendants as an expert in this case.  He is qualified to evaluate D.H.'s claims that the Defendants' conduct caused her alleged mental and emotional injuries.  Dr. Thompson is also qualified to review medical and psychiatric records pertaining to D.H. in order to evaluate her allegations of emotional injuries and to formulate an opinion regarding her mental and emotional condition.  Dr. Thompson's curriculum vita is attached as Exhibit 1.

    The Complaint confirms D.H. seeks money for psychiatric and/or psychological damages in addition to her prayer for injunctive relief.  The defendants are entitled to an examination under Rule 35, as the CMO currently provides.  The Defendants ask the Court to order D.H. to appear for a psychiatric

examination to be performed by Dr. John Thompson on September 22, 2014, at 10:00 a.m. in Moss Point, Mississippi, at a location mutually agreeable to the parties. Exhibit 2.

Respectfully submitted, this 19th day of August 2014.

**Moss Point School District**
**Moss Point School District Board of Education**
**Superintendent Maggie Griffin**
**Durand Payton**


/s/  John S. Hooks


OF COUNSEL:

James A. Keith
Mississippi Bar No. 3546
John S. Hooks
Mississippi Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:  601.353.3234
Facsimile:  601.355.9708

## CERTIFICATE OF SERVICE

      I, John Hooks, hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of the Court using the CM/ECF System, which caused notice of filing to be served on all registered counsel of record.

      Dated: August 19, 2014.

      /s/ John S. Hooks